IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.  Criminal No. 3:11CR212

WILLIAM LANGLEY, JR.,

    Petitioner.

## MEMORANDUM OPINION

William Langley, Jr., a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 141) arguing that his convictions and sentences are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government initially filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 147-2.) Thereafter, the Court ordered further briefing. In its most recent Supplemental Memorandum, the Government now argues that Langley's claim lacks merit. (ECF No. 165.) For the reasons set out below, the § 2255 Motion will be granted and Count Two and its corresponding sentence will be vacated.

### I. FACTUAL AND PROCEDURAL HISTORY

A grand jury returned a three-count Indictment charging Langley with conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. §§ 1951(a) ("conspiracy to commit Hobbs Act robbery") (Count One); use and discharge firearm during a crime of

violence causing death of another, to wit: "Overt Act 3 of the Conspiracy alleged in Count One," in violation of 18 U.S.C. § 924(c)(1)(A), 924(j), and 2 (Count Two); and possessing a firearm in furtherance of a crime of violence as alleged in Count One, in violation of 18 U.S.C. § 924(c) and 2 (Count Three). (Sec. Superseding Indictment 1-7, ECF No. 39.)

On March 2, 2012, Langley pled guilty to Counts One and Two and the Government agreed to dismiss Count Three. (Plea Agreement ¶¶ 1, 12 ECF No. 50.) On July 3, 2012, the Court sentenced Langley to 240 months of imprisonment on Count One and life imprisonment on Count Two, to run concurrently. (J. 2, ECF No. 87.)

On June 21, 2016,[1] Langley filed this § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Two must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

---

[1] Langley initially filed this § 2255 Motion with the United States Court of Appeals for the Fourth Circuit. (ECF No. 134-2.) The Proposed § 2255 Motion that Langley submitted to the Fourth Circuit reflects Jun 21, 2016 as the date that Langley placed his § 2255 Motion in the prison mailing system. (ECF No. 134-2, at 12.) Langley then appears to have resubmitted the same § 2255 Motion to this Court (ECF No. 141, at 12.) The Court deems the § 2255 Motion filed as of this date. Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. ANALYSIS

### A. <u>Johnson</u> and Progeny

In <u>Johnson</u>, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," 135 S. Ct. at 2563, because the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. <u>Id.</u> at 2557-58 (citation omitted). Subsequently, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Supreme Court held that "<u>Johnson</u> announced a substantive rule [of law] that has retroactive effect in cases on collateral review." <u>Id.</u> at 1268.

In his § 2255 Motion, Langley asserts that after <u>Johnson</u>, conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Two must be vacated. As explained below, recent decisions from the Supreme Court and the Fourth Circuit support Langley's challenge to Count Two where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm

3

in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

At the time of Langley's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A)  [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or

4

conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

Id. § 1951(b)(1). The Fourth Circuit recently determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause. See United States v. Simms, 914 F.3d 229 (4th Cir. 2019). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause

5

of § 924(c) is void for vagueness. Id. at 236; accord Davis, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

### B. The Government's Abandoned Statute Of Limitations Argument

Initially, the Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations.[2] However, it appears that the Government has abandoned this argument in its Supplemental Memorandum.[3] The Government's decision not to pursue this defense is wise because

---

[2] Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. As pertinent here, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> . . . .
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

[3] The Court directed the Government to file supplemental briefing in light of the Fourth Circuit's decision in Simms. The Government then sought a stay until the Supreme Court announced its decision Davis. When the Government eventually filed its Supplemental Memorandum, although it raised a number of procedural defenses, it did not renew the argument that the § 22255 Motion was barred by the statute of limitations.

6

it seems that Davis announced a new rule of constitutional law retroactively applicable to cases on collateral review which would entitle Langley to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[4] Because the Government has abandoned its statute of limitation argument, the Court will not address it further.

C. **Count Two Must Be Vacated**

As discussed, according to the explicit ruling of Simms, the conspiracy to commit Hobbs Act robbery charged in Count One cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Two. Thus, Count Two must be vacated.

The Government argues that, "[b]ecause Count Two was expressly predicated on the substantive Hobbs Act robbery, which remains a valid predicate under the force clause, Davis and Simms provide no basis for relief." (Supp'l Mem. 1, ECF No. 165.) However, Langley was not charged with, nor convicted of, substantive Hobbs Act robbery. Presumably, the Government intends

---

[4] This provision delays the commencement of the limitation period until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court makes a case retroactive on collateral review through a single express holding or by multiple cases "if the holdings in those cases necessarily dictate the retroactivity of the new rule." Tyler v. Cain, 533 U.S. 656, 666 (2001). Welch, which held Johnson to be a new rule and retroactive, "logically permit[s] no other conclusion than that the rule [in Davis] is retroactive." Id. at 669 (O'Connor, J. concurring).

7

to argue that because Count One contained specific overt acts in furtherance of the conspiracy, Langley committed a substantive act of Hobbs Act robbery. See id. at 2, 4. The Government points to no authority that would support this position. The fact remains that Count Two was predicated on Count One which charged conspiracy to commit Hobbs Act robbery. Although the Government perhaps could have charged Langley with substantive Hobbs Act robbery for overt acts described in Count One, the fact remains that they did not. Thus, the Government's argument is unavailing.

In light of Davis's invalidation of the Residual Clause and the Fourth Circuit's determination in Simms that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Langley's conviction in Count Two and resulting life sentence is no longer valid. Accordingly, Langley's conviction on Count Two will be vacated.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 147-2) will be denied. The § 2255 Motion (ECF No. 141) will be granted. Langley's conviction and sentence on Count Two will be vacated. Within fourteen days of the date of entry hereof, the parties will be directed to file their position as to whether the Court needs to

conduct a full resentencing or may simply enter a corrected judgment.

The Clerk is directed to send a copy of this Memorandum Opinion to Langley and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: September 24, 2019
Richmond, Virginia