IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                              Criminal No. 3:11CR212

WILLIAM LANGLEY, JR.,

    Petitioner.

**MEMORANDUM OPINION**

William Langley, Jr., a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 141) arguing that his convictions and sentences are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on September 25, 2019, the Court granted the § 2255 motion and directed the parties to file their position on sentencing within fourteen (14) days of the date of entry thereof. (ECF Nos. 172, 173.) That same day, the Government filed a MOTION TO RECONSIDER, and although the Government fails to identify the procedural vehicle that would allow reconsideration, the Court construed the motion as one filed pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 174.)

By Memorandum Order entered on October 11, 2019, the Court directed Langley to file a response to the Rule 59(e) Motion. Langley has complied with that directive and filed a RESPONSE IN

OPPOSITION TO MOTION TO RECONSIDER ("Response," ECF No. 178). The Government has filed a REPLY FOR UNITED STATES' MOTION TO RECONSIDER ("Reply," ECF No. 180).

## I. WHICH RULE OF PROCEDURE APPLIES?

Previously, the Court construed the MOTION TO RECONSIDER filed by the Government as one brought pursuant to Federal Rule of Civil Procedure 59(e). In its Response, the Government points out that because no final judgment has been entered in this action, Rule 59(e) may not be the appropriate standard for reconsideration.[1] The Court need not expend time deciding under

---

[1] If a motion seeks reconsideration of an order before the entry of final judgment, the motion is governed by Rule 54(b). That rule provides:
> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court retains the discretion to reconsider or modify a grant of a partially dispositive motion at any time prior to the entry of final judgment. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)). Nevertheless, a court must exercise its discretion to consider such motions sparingly in order to avoid an unending motions practice. See Potter v. Potter, 199 F.R.D. 550, 553 (D. Md. 2001). Under Rule 54(b), a motion for reconsideration generally should be limited to instances such as the following:
> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or]

2

which federal rule this motion falls, because even under the higher standard of Rule 59(e), the Court's grant of relief in the September 25, 2019 Memorandum Opinion and Order was a clear error of law.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v.

---

a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); accord United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997). The Fourth Circuit has indicated that reconsideration is also appropriate where "a subsequent trial produces substantially different evidence" or "the prior decision was clearly erroneous and would work manifest injustice." Am. Canoe Ass'n, 326 F.3d at 515 (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)). The courts do not entertain motions to reconsider which ask the Court to, "rethink what the Court had already thought through--rightly or wrongly." Above the Belt, Inc., 99 F.R.D. at 101.

3

Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

## II. ANALYSIS

The Government argues that the Court should reconsider its September 25, 2019 Memorandum Opinion and Order "to correct clear errors of law and fact." (Rule 59(e) Mot. 1.) As explained below, upon review of the Rule 59(e) Motion, and the Second Superseding Indictment, it appears that the Court erred when it determined that Count Two was predicated on the conspiracy to commit Hobbs Act robbery charged in Count One.

A grand jury returned a three-count Second Superseding Indictment charging Langley with conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) ("conspiracy to commit Hobbs Act robbery") (Count One); use and discharge firearm during a crime of violence causing death of another, to wit: "Overt Act 3 of the Conspiracy alleged in Count One,"[2] in violation of 18 U.S.C. § 924(c)(1)(A), 924(j), and 2 (Count Two); and possessing a firearm in furtherance of a crime of

---

[2] The Second Superseding Indictment specified Overt Act 3 as follows: "On or about May 4, 2005, LANGLEY, WHITE, and conspirator A.J. robbed the Uppy's Exxon convenience store, located at 5024 Brook Road in Richmond, Virginia, and stole United States currency that was in the business's custody and possession. In connection with that robbery, WHITE shot and killed Uppy's Exxon employee R.R." (Sec. Superseding Indictment 4, ECF no. 39.)

4

violence as alleged in Count One, in violation of 18 U.S.C. § 924(c) and 2 (Count Three). (Sec. Superseding Indictment 1-7.)

On March 2, 2012, Langley pled guilty to Counts One and Two and the Government agreed to dismiss Count Three. (Plea Agreement ¶¶ 1, 12 ECF No. 50.) On July 3, 2012, the Court sentenced Langley to 240 months of imprisonment on Count One and life imprisonment on Count Two, to run concurrently. (J. 2, ECF No. 87.)

In his § 2255 Motion, Langley argued that that his conviction under 18 U.S.C. § 924(c) in Count Two must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In agreeing with Langley, and granting relief, the Court explained:

> As discussed, according to the explicit ruling of Simms, the conspiracy to commit Hobbs Act robbery charged in Count One cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Two. Thus, Count Two must be vacated.
> The Government argues that, "[b]ecause Count Two was expressly predicated on the substantive Hobbs Act robbery, which remains a valid predicate under the force clause, [United States v. Davis, 139 S. Ct. 2319, 2336 (2019)] and [United States v. Simms, 914 F.3d 229 (4th Cir. 2019)] provide no basis for relief." (Supp'l Mem. 1, ECF No. 165.) However, Langley was not charged with, nor convicted of, substantive Hobbs Act robbery. Presumably, the Government intends to argue that because Count One contained specific overt acts in furtherance of the conspiracy, Langley committed a substantive act of Hobbs Act robbery. See id. at 2, 4. The Government points to no authority that would support this position. The fact remains that Count Two was predicated on Count One which charged conspiracy to commit Hobbs Act robbery. Although the Government perhaps could have charged Langley with substantive Hobbs Act robbery for overt acts described in Count One, the fact remains that

5

they did not. Thus, the Government's argument is unavailing.

In light of <u>Davis</u>'s invalidation of the Residual Clause and the Fourth Circuit's determination in <u>Simms</u> that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Langley's conviction in Count Two and resulting life sentence is no longer valid. Accordingly, Langley's conviction on Count Two will be vacated.

(ECF No. 172, at 7-8.)

The Government contends that the Court erred in concluding that the § 924(j) conviction charged in Count Two was based on the conspiracy to commit Hobbs Act robbery charged in Count One. Instead, the Government argues that Count Two specifically identified an overt act of substantive Hobbs Act robbery.[3] The Second Superseding Indictment charged Langley as follows with respect to Count Two:

> 1. The Grand Jury hereby incorporates the allegations set forth in paragraph 1 of the Introduction and **Overt Act 3** of the Conspiracy alleged in Count One as if full set forth herein.
> 2. On or about May 5, 2005, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendants STEPHEN WHITE, WILLIAM LANGLEY, JR., and conspirator A.J., aided and abetted one another, did knowingly and unlawfully use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, **Interference of Commerce by Violence, in violation of 18 U.S.C. § 1951(a), to wit: the May 4, 2005 robbery of employee R.R. at Uppy's Exxon Store,**

---

[3] The Government also notes that Count Three charged Langley with use and carry of the firearm during the commission of conspiracy to commit Hobbs Act robbery alleged in Count One and therefore the Court's reading of the Second Superseding Indictment would make the Second Superseding Indictment multiplicitous. (Rule 59(e) Mot. 3-4.)

6

> 5024 Brook Road, Richmond, Virginia, **and in the course of said offense, caused the death** of another person (R.R.) through use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that STEPHEN WHITE, WILLIAM LANGLEY, JR., and conspirator A.J., with malice aforethought, did unlawfully kill R.R. by shooting him with a firearm.

(Sec. Super. Ind. 6 (emphasis added).) Thus, unlike a situation where the § 924 firearm charge only alleged that the firearm was used or carried during and in relation to conspiracy to commit Hobbs Act robbery, here, Count Two was predicated on a specific substantive Hobbs Act robbery offense. The specific robbery was of an Uppy's Exxon on May 4, 2005, and during that robbery Langley used and carried a firearm that resulted in a murder. As the Court has previously explained, Hobbs Act robbery remains a qualifying crime of violence under the Force Clause. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (citations omitted) (holding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Thus, the Court clearly erred when it determined that Count Two was predicated on a Hobbs Act conspiracy and was therefore invalid after Davis and Simms.

### III. CONCLUSION

Accordingly, the Government's Rule 59(e) Motion (ECF No. 174) will be granted. The September 25, 2019 Memorandum Opinion and Order will be vacated. The July 3, 2012 Judgment remains intact.

7

Langley's § 2255 Motion will be denied (ECF No. 141) and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Langley and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Date: November 26, 2019
Richmond, Virginia
Senior United States District Judge